RECEIVED
USDC. CLERK CHARLESTON,SC
2010 JUN 23 P 3: 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ELLIS O. BROWN, JR., ) | CIVIL ACTION NO. 9:09-1520-SB-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI)[1] in July 2004, alleging disability as of June 2000 due to arthritis, cervical



---

[1] Although the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that she was disabled during the insured period for DIB may still receive SSI benefits if she can establish that she is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir. 1999)[Discussing the difference between DIB and SSI benefits]. Under SSI, the claimant's entitlement to benefits (assuming they establish disability) begins the month following the date of filing the application forward. Pariseau v. Astrue, No. 07-268, 2008 WL 2414851, * 13 (D.R.I. June 13, 2008).

radiculopathy[2], and obesity. (R.pp. 16).[3] Plaintiff's claims were denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on June 14, 2006. (R.pp. 464-495). The ALJ thereafter denied Plaintiff's claims in a decision issued March 29, 2007. (R.pp. 13-27). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 8-10).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence

---

[2]"Cervical radiculopathy is a dysfunction of a nerve root of the cervical spine. http://emedicine.medscape.com/article/94118-overview." Primiani v. Astrue, No. 09-2405, 2010 WL 474642 at * 3 n. 5 (E.D.N.Y. Feb. 5, 2010).

[3]These were not Plaintiff's first applications for disability benefits. In an application for benefits filed in January 2002 Plaintiff was found not to be disabled in a decision issued June 30, 2003. (R.pp. 36-45, 65-67). That decision was not reopened, and the finding that Plaintiff was not disabled as of June 30, 2003 therefore remains binding for purposes of Plaintiff's current applications. Fremd v. Barnhart, 412 F.Supp.2d 1245, 1249 (M.D.Ala. 2005).



2

to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### Discussion

A review of the record shows that Plaintiff, who was forty-one (41) years old when he alleges he became disabled, and forty-four (44) years old as of the date of the decision on his previous applications, has a tenth or eleventh grade education with past relevant work experience as a heavy equipment operator. (R.pp. 65, 81, 86, 325-326, 467). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff suffers from the severe impairments of chronic obstructive pulmonary disease, degenerative disc disease, obesity, and sleep apnea, rendering him unable to perform any of his past relevant work, he nevertheless

3



retained the residual functional capacity (RFC) to perform a range of sedentary work activity[4], and is therefore not disabled. (R.pp. 20-21, 25-26).

Plaintiff asserts that in reaching this decision, the ALJ erred by failing to adequately explain how she came up with the Plaintiff's residual functional capacity, by failing to properly evaluate Plaintiff's pain pursuant to SSR 96-7(p), and by failing to call a vocational expert when non-exertional impairments were present. Plaintiff also argues that he should be entitled to SSI because he turned fifty (50) years old while his application was still pending. After careful review and consideration of the record and arguments presented, the undersigned is constrained to agree with the Plaintiff that the ALJ did err by failing to properly evaluate the evidence and then improperly using the Medical-Vocational Guidelines (i.e., the "Grids")[5] to direct a finding of not disabled in this case. Remand is therefore required.

Because the ALJ determined that Plaintiff is unable to perform his past relevant work, the burden shifted to the Commissioner to show that other jobs exist in significant numbers which Plaintiff could perform. Pass v. Chater, 65 F.3d 1200, 1201-1203 (4th Cir. 1995). In appropriate circumstances, the ALJ can meet this burden by using the Grids to direct a finding that a claimant is

---

[4]Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005).

[5]"The grids are matrices of the 'four factors identified by Congress -- physical ability, age, education, and work experience -- and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'" Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting Heckler v. Campbell, 461 U.S. 458, 461-462 (1983)). "Through the Grids, the Secretary has taken administrative notice of the number of jobs that exist in the national economy at the various functional levels (i.e., sedentary, light, medium, heavy, and very heavy.)" Daniels, 154 F.3d at 1132.

4



not disabled. See Hays, 907 F.2d at 1458 [affirming denial of benefits to claimant where the Medical-Vocational Guidelines directed a finding of not disabled]. However, the Grids do not apply to a claimant who suffers from severe non-exertional impairments[6], or who cannot perform the full range of work activity within a Grid category. Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989); see 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(h). As noted, the ALJ found that Plaintiff's chronic obstructive pulmonary disease, degenerative disc disease, and obesity were all severe non-exertional impairments. (R.p. 20). See Lucy v. Chater, 113 F.3d 905, 909 (8th Cir. 1997)[Obesity is a non-exertional limitation]; Watson v. Astrue, No. 09-15748, 2010 WL 1710827, at * 3, n. 7 (11th Cir. April 26, 2010)[noting that postural and environmental limitations are non-exertional limitations]. Because of these severe impairments, the ALJ also specifically found that Plaintiff could not perform the full range of sedentary work activity. However, notwithstanding these findings, the ALJ used the Grids to direct a finding of not disabled, concluding that these non-exertional limitations had "little or no effect on the occupational base of unskilled sedentary work." (R.p. 26). This finding constitutes reversible error.

While it is true that the Grids may be used in some cases to direct a finding of not disabled where non-exertional impairments, even severe, do not significantly reduce a claimant's occupational base; cf. Ortiz v. Secretary of Health & Human Scrvs., 890 F.2d 520, 524 (1st Cir. 1989); such a conclusion is not justified in this case. In addition to finding that Plaintiff's non-exertional impairments were severe impairments, thereby *significantly* limiting Plaintiff's physical ability to do basic work activities; see 20 C.F.R. § 404.1521(a) [an impairment or combination of impairments deemed to be "severe" significantly limit the physical or mental ability to do basic work

---

[6]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities; 20 C.F.R. § 404.1521(a); See Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).

5

activities]; the ALJ also specifically discussed the medical record showing that Plaintiff suffers from reduced extremity dexterity due to his condition. (R.pp. 23-24; citing to R.pp. 407-409 [noting swelling and tenderness in both knees with about twenty-five percent decreased range of motion], 424-430, 447-457). The limitations reflected in the medical records cited by the ALJ in her decision conflict with her conclusory finding that Plaintiff's limitations would not erode the occupational base for unskilled sedentary work, thereby precluding reliance on the Grids to direct a finding of not disabled. (R.p. 26); see Walker, 889 F.2d at 49 [Grids do not apply to a claimant who suffers from severe non-exertional impairments, or who cannot perform the full range of work activity within the Grid category]; Johnson v. Barnhart, 66 Fed. Appx. 285, 290 (3rd Cir. 2003)[Reversing decision where ALJ found that postural and breathing limitations did not erode occupational base for sedentary work and failed to obtain vocational expert testimony]; Watson, 2010 WL 1710827, at * 3 and n. 7 [noting importance of vocational expert testimony and that reliance solely on the Grids is inappropriate when non-exertional limitations are present]. Instead, as the Plaintiff cannot perform the full range of sedentary work with his limitations, a vocational expert should have been called to address Plaintiff's ability to perform sedentary work in response to a proper hypothetical which included all the Plaintiff's impairments. Fenton v. Apfel, 149 F.3d 907, 910 (8th Cir. 1998) ["The Secretary is required to produce vocational expert testimony concerning availability of jobs which a person with a claimant's particular characteristics can perform, if...he or she is precluded from performing a full range of a particular work classification...."]. Therefore, remand for the purpose of obtaining such testimony is necessary.

Additionally, the ALJ states in her opinion that she gave "determinative weight" to the opinions of the State Agency medical consultants, both of whom determined (in addition to the other postural limitations found by the ALJ) that Plaintiff was limited in his ability to reach overhead.



6

(R.pp. 25, 413, 440). However, the ALJ did not include this limitation in her findings, an error conceded by the Commissioner in his brief. The Commissioner attempts to cure this error by arguing that this omission was at most harmless error because "[h]ad the ALJ included [this limitation], she would have found that [it] did not significantly erode the sedentary job base," citing to Swan v. Barnhart, No. 03-130, 2004 WL 1529270, at * 5 (D.Me. 2004)[Report and Recommendation], accepted by, 2004 WL 1573700 (D.Me. May 19, 2004). This statement is, of course, mere speculation on the Commissioner's part as to what the ALJ would or would not have determined if she had properly listed this limitation among her findings. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004)[Rejecting post hoc rationalizations for agency action]; Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)[Court cannot affirm a decision on a ground that the ALJ did not himself invoke in making the decision]. Hence, the ALJ's failure to set forth her reasons for either rejecting the medical evidence of Plaintiff's reaching limitations, or to alternatively explain how she reached the RFC stated in the decision while accepting this evidence, also requires reversal of the decision. Cotter v. Harris, 642 F.2d 700 (3rd Cir. 1981) [listing cases remanded because of ALJ's failure to provide explanation or reason for rejecting or not addressing relevant probative evidence].

Finally, with respect to the remainder of Plaintiff's complaints concerning the decision, on remand the ALJ will be able to reconsider and re-evaluate Plaintiff's credibility and the medical evidence as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security



actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for the purpose of a proper evaluation, discussion and findings with respect to Plaintiff's ability to reach overhead, for the obtaining of vocational expert testimony, and for such further administrative action as is deemed necessary and appropriate. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 23, 2010
Charleston, South Carolina

8

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



9